People v Montgomery (2025 NY Slip Op 06661)

People v Montgomery

2025 NY Slip Op 06661

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Ind No. 76044/23|Appeal No. 5274|Case No. 2024-03022|

[*1]The People of the State of New York, Respondent,
v
Keiron Montgomery, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered April 26, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a jail term of three months, followed by a three-year term of probation, unanimously affirmed.
Defendant's challenge to the legality of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10[1], [2], does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Nonetheless, we reject this challenge on the merits as this condition was reasonably related to defendant's rehabilitation and necessary to ensure that he will lead a law-abiding life, given his admitted use of drugs and his repeated sales of illegal drugs.
Defendant's constitutional challenges to this condition as vague and overbroad are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]), and we decline to review his challenges in the interest of justice. As an alternative holding, we find them to be unavailing.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025